

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-4770
Re: Right of Clerk of District
Court to waive the collec-
tion of statutory fees in
naturalization proceedings

Your request for an opinion on the above matter
has been received and carefully considered.

The Constitution of the United States gives to the
Congress the power "to establish a uniform rule of natural-
ization." (U. S. Constitution, Article I, Section 8.) Con-
gress has exercised this power, (U. S. Code, Title 8, Chapter
11) and under the Federal statutes an alien, desiring to be-
come a citizen, may make the prescribed showing in a State
court of the prescribed jurisdiction. The court, in hear-
ing and disposing of the cause, exercises a Federal author-
ity and acts as a Federal agency. 2 Texas Jurisprudence, Sec-
tion 5, pages 679-680.

Title 8, Section 742, Subdivision (1), page 773,
of the U. S. Code Annotated, contains the following provi-
sions:

"During the time when the United States is
at war no clerk of a United States court shall
charge or collect a naturalization fee from an
alien in the military or naval service of the
United States for filing a petition for natural-
ization or issuing a certificate of naturaliza-
tion upon admission to citizenship, and no clerk
of any State court shall charge or collect any
fee for such services unless the laws of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

State require such charge to be made, in which case nothing more than the portion of the fee required to be paid to the State shall be charged or collected. A report of all transactions under this subsection shall be made to the Commissioner as in the case of other reports required of clerks of courts by this chapter."

As to the relation of the State to the Federal Government, we find the following rule laid down in 38 Texas Jurisprudence, Section 5, pages 816-817:

"§ 5. Relation to Federal Government. -- Under the dual system of American government, there are two distinct sovereignties -- namely, the state and federal governments. The governments of the State and of the United States are each sovereign, and yet the sovereignty of the State is essentially different from that of the federal government. The one is less supreme than the other, the State being an absolute sovereign except as limited and restricted by the Constitution of the United States.

"The principle is elementary that the authority of the United States is paramount when exercised as to subjects concerning which it has the power to legislate. In cases where Congress has enacted a law in that field of legislation common to both federal and state governments, all local or state laws upon the subject are superseded to the extent that they conflict with the federal statute, although it was said in one case that this doctrine should be confined to war measures in which the means for defense must prevail over everything that may cripple or weaken them."

The case of San Antonio, U. & G. Ry. Co. v. Nast, 240 S. W. 596, was a suit to recover for a trunk that was lost while being transported in interstate commerce at a time when the railway company was in the custody of the United States and when the President had the power to initiate the railway rates by filing same with the interstate commerce commission,

and which also applied to intrastate shipments and superseded, during the existence of the World War, all State laws conflicting therewith. A baggage tariff rule had been promulgated that where the value of baggage was not declared more than $100 could not be recovered for its contents. In upholding the validity and binding effect of said rule, the court quoted the following holding from the case of Northern Pacific Railway Co. v. State of North Dakota, by Chief Justice White of the United States Supreme Court, 63 L. Ed., page 897, as follows:

> "The elementary principle that under the Constitution the authority of the government of the United States is paramount when exerted as to subjects concerning which it has the power to control, is indisputable. This being true, it results that, although authority to regulate within a given sphere may exist in both the United States and in the states, when the former calls into play the constitutional authority within such general sphere, the necessary effect of doing so is that, to the extent that any conflict arises, the state power is limited, since in case of conflict that which is paramount necessarily controls that which is subordinate."

In the case of State v. Libby, 92 Pac. Rep. 350, the Supreme Court of Washington held that Congress acted within its power in providing uniform rules for naturalization of aliens throughout the United States; that the provisions respecting fees are as much a part of those rules as any other part thereof; that such rules are binding on the State courts, and that to hold otherwise would be to deny Congress a power expressly given by the Federal Constitution.

In the case of State of Indiana v. Killigrew, et al., 117 Fed. Rep. (2d) 863, the Circuit Court of Appeals for the Seventh Circuit held that Congress had the power to impose the duties upon a Clerk of a State Court exercising jurisdiction to naturalize aliens, to collect and account for naturalization fees, as against the contention that the power of the State to govern its own officers by means of its own laws was exclusive.

It being clear from the above rules and decisions, as well as from others that might be cited, that Congress has the power to control naturalization fees, and it having provided that in war time the District Clerk should not collect certain fees, we hold the District Clerk has the right to waive the collection of all such statutory fees, since no part of such fees would be payable to the State, and this without regard to whether or not the commissioners' court should pass an order authorizing said Clerk to waive the collection of such fees. Moreover, the Clerk has no legal right to collect such fees during war time under the statutes hereinabove quoted.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        Jas. W. Bassett
          Jas. W. Bassett
          Assistant

JWB:db

APPROVED AUG 28, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE

BY_____
CHAIRMAN